**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHINDER SINGH,<br><br>            Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 07-70823<br><br>Agency No. A095-591-588<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2010[**]

Before: SKOPIL, FARRIS and LEAVY, Circuit Judges.

Mohinder Singh, a native and citizen of India, petitions for review of a final

decision issued by the Board of Immigration Appeals, affirming an Immigration

Judge's (IJ) denial of asylum, withholding of removal, and Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture (CAT) protection. The IJ determined that because Singh submitted a false application, he was not credible and not entitled to relief from removal. We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding. *See Martinez v. Holder*, 557 F.3d 1059, 1060 (9th Cir. 2009) (noting standard of review), *cert. denied*, 130 S. Ct. 1883 (2010). The finding is based on "specific, cogent reasons" found in the record that "go to the heart of the asylum claim." *See Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009). Specifically, the individual who Singh hired to prepare his asylum application testified that Singh's claims of persecution and torture are false. Moreover, the witness's testimony is corroborated by evidence of another alien's application, prepared by the same witness and filed five months before Singh's application. The two applications are materially identical as to the factual allegations of persecution and torture.

A petitioner who "repeatedly and persistently lied under oath with respect to his application for asylum" may be deemed incredible. *Martinez*, 557 F.3d at 1065. Similarly, "false statements made to establish the critical elements of the asylum claim" may support an adverse credibility finding. *Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir. 1999). Such falsehoods go to the heart of a petitioner's

claim and justify denial of asylum. *Martinez*, 557 F.3d at 1065; *Akinmade*, 196 F.3d at 956.

Singh thus failed to carry his burden of establishing his eligibility for asylum. He therefore also failed to meet the higher burden of proving his eligibility for withholding of removal. *See Kumar v. Gonzales*, 439 F.3d 520, 525 (9th Cir. 2006). Because Singh made no argument in his brief regarding the denial of CAT relief, that issue is waived. *See Zetino v. Holder*, 596 F.3d 517, 521 n.1 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED**.